No. 95,688

In the Matter of DOUGLAS DEAN EASTEPP, *Respondent*.

(132 P.3d 918)

Opinion filed April 28, 2006.

*Janith A. Davis*, deputy disciplinary administrator, argued the cause and *Stanton A. Hazlett*, disciplinary administrator, was with her on the formal complaint for petitioner.

*Bruce C. Harrington*, of Topeka, argued the cause for respondent, and *Douglas Dean Eastepp*, respondent, argued the cause pro se.

*Per Curiam*: This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator against respondent, Douglas Dean Eastepp, an attorney who was admitted to the practice of law in Kansas in 1973. Respondent was admitted to the practice of law in Colorado in 1976. The respondent's last registration address filed with the Clerk of the Appellate Courts of Kansas is in Colorado Springs, Colorado.

On December 8, 1995, this court suspended the respondent from the practice of law for 1 year. *In re Eastepp*, 258 Kan. 766, 907 P.2d 842 (1995). That case arose out of a November 7, 1994, Colorado Supreme Court order suspending the respondent from the practice of law in Colorado for 3 months. *People v. Eastepp*, 884 P.2d 305 (Colo. 1994).

Since his 1995 suspension, the respondent has not reported any continuing legal education attendance; has not paid annual continuing legal education fees; has not completed annual registration forms; and has not paid annual attorney registration fees. Thus, the respondent's license to practice law in this state remains suspended.

In 2004, the respondent was disciplined in Colorado for violations of the Colorado Rules of Professional Conduct (C.R.P.C.) 4.4 and C.R.P.C. 8.4(d). Respondent had stipulated to the alleged misconduct. Based thereon, Colorado suspended respondent from the practice of law in that state for 6 months, stayed the suspension, and placed him on probation for 2 years. Respondent self-reported

the Colorado disciplinary action to the Kansas Disciplinary Administrator, and these proceedings were then commenced.

The stipulation serving as the basis for the Colorado discipline and filed herein states the facts as follows:

"a. At all times relevant herein, the respondent has represented Memorial Hospital, an agency of the City of Colorado Springs, Colorado, on debt collection matters.

"b. On 47 occasions between October 10, 1995 and October 2, 2002, the respondent recorded notices of *lis pendens* in the El Paso County Clerk and Recorders Office.

"c. In each of these 47 recorded notices, the respondent stated that 'an action had been filed' in a state court of record against the alleged named debtor in an action to collect a debt. This statement was not true in 44 of the matters; in these 44 matters, no action had been filed. In mitigation, the respondent asserts that in some of the 44 matters, an action had been 'commenced' by service of a complaint at the time such *lis pendens* were filed, but prior to the 'filing' of the complaint with the court.

"d. In each of these 47 recorded notices, the respondent further stated that such alleged 'action affects title to real property in El Paso County.' This statement was not true in all 47 matters.

"e. While each of the above 47 notices used a pleading caption, there was no case number provided in any of these notices, in violation of C.R.S. § 38-35-203(b). In fact, no civil action had been filed at the time of filing 44 of these notices of *lis pendens*. . . .

"f. Additionally, the underlying basis for each of these 47 matters involved collection on a debt for services allegedly owed to his client, Memorial Hospital. Thus, the relief claimed in each of these potential collection lawsuits did not affect title to these individuals' real property, as is specifically required by C.R.S. § 38-35-110 for the filing of a notice of *lis pendens*.

"g. The respondent was not authorized by statute or other law to file any of these notices of *lis pendens*.

"h. [C.R.P.C.] 4.4 provides that in representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay or burden a third person.

"i. The respondent's conduct in filing the above notices of *lis pendens* had no valid substantial legal purpose, other than to embarrass, delay or burden third persons.

"j. Such conduct did in fact burden third persons by clouding title to their real property when there was no legal basis to do so, and by interfering with and delaying a real estate closing or refinancing in at least seven of the matters (involving the Acuarios, Anrej', Fountains, Hoban, Loveless', Shanes, and Talleys).

"k. By such conduct, the respondent violated [C.R.P.C.] 4.4.

"l.   [C.R.P.C.] 8.4(d) provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

"m.   The respondent engaged in conduct prejudicial to the administration of justice by attempting to file notices of *lis pendens* in violation of [C.R.C.P.] 105(f) and C.R.S. § 38-35-110.

"n.   By such conduct, the respondent violated [C.R.P.C.] 8.4(d)."

Supreme Court Rule 202 (2005 Kan. Ct. R. Annot. 243) provides, in relevant part:

"A final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state."

The hearing panel accepted the Colorado stipulation of misconduct and final order imposing sanctions. The panel recommended the respondent be suspended from the practice of law in Kansas for a period of 6 months. The panel then made the additional recommendation:

"The Hearing Panel further recommends that the Court require the Respondent to undergo a hearing, pursuant to Kan. Sup. Ct. R. 219, prior to reinstatement. The Hearing Panel makes this extraordinary request because during the past 10 years the Respondent has made no attempt to comply with the requirements of the Kansas Supreme Court rules. His inaction has resulted in a 10-year suspension from the practice of law in the state of Kansas. The Hearing Panel further makes this recommendation because the Respondent testified that (1) he has never practiced law in Kansas and (2) he does not intend to practice in Kansas. Finally, the Hearing Panel recommends that the court require that the Respondent undergo a hearing prior to reinstatement to ensure that the Respondent knows, understands, and is willing to comply with the Kansas Supreme Court rules.

"The Hearing Panel makes this recommendation for discipline based upon the discipline ordered in Colorado. If this case originated in Kansas and involved Kansas law and Kansas citizens, the Hearing Panel may have recommended a different discipline."

The Disciplinary Administrator, both before the panel and in oral argument before this court, recommended imposition of the discipline of indefinite suspension.

Respondent's position is that although he has never practiced law in Kansas and has no present intention of doing so, he wishes to keep his options open and, therefore, opposes indefinite suspension.

After careful consideration, we conclude suspension for a period of 2 years is the appropriate discipline to be imposed.

IT IS THEREFORE ORDERED that Douglas Dean Eastepp be suspended from the practice of law in the state of Kansas for a period of 2 years, effective the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2005 Kan. Ct. R. Annot. 247).

IT IS FURTHER ORDERED that Douglas Dean Eastepp shall forthwith comply with Supreme Court Rule 218 (2005 Kan. Ct. R. Annot. 315) as to any Kansas clients.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to respondent.